USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AVISHAI ABRAHAMI,

Plaintiff,

-against-

MEISTER SEELIG & FEIN LLP and DANIEL J.
DWYER,

Defendants.

Case No.: 21-cv-10203 (JFK) (KHP)

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, Avishai Abrahami, Meister Seelig & Fein LLP and Daniel J. Dwyer (individually each a "Party" and collectively, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.  Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4.      The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.      The requesting Party and counsel, including in-house counsel;

    b.      Employees of such counsel assigned to and necessary to assist in the litigation;

    c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.      Any person who counsel for a Party in good faith believes may be called to testify at trial or deposition in these proceedings or may have information relevant to a claim or defense asserted herein, or any witness who is called to testify at a trial or deposition in these proceedings;

    e.      Litigation support vendors retained by counsel to a Party, such as e-discovery vendors and copy services;

    f.      Stenographers and/or videographers engaged to record depositions in these proceedings; and

    g.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 4.c through 4.f above, counsel must:

     a.     Inform the person of the confidential nature of the information or documents;

     b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

     c.     Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6.     The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

8.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of

the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.    Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

10.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.    Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. If a Party is served with a subpoena or other compulsory process that seeks production or disclosure of Confidential Information, then prior to compliance, to the extent practicable and permitted by law, the receiving party shall give prompt written notice thereof to the producing party, including a copy of the subpoena or other compulsory process.

**STIPULATED AND AGREED TO:**

Dated:  January 28, 2022

Dated:  January 28, 2022

ZEICHNER ELLMAN & KRAUSE LLP

TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP

By:  /s/ Michael E. Sims
Stuart A. Krause
Michael E. Sims
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
skrause@zeklaw.com
msims@zeklaw.com

By:  /s/ Lisa L. Shrewsberry
Lisa L. Shrewsberry
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 105327
(914) 347-2600
lshrewsberry@tlsslaw.com

Attorneys for Plaintiff

Attorneys for Defendants

**SO ORDERED:**

_John F. Keenan_  2/1/22

Hon. John F. Keenan
United States District Judge

Agreement

        I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

        I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: January__, 2022

_____

Signed in the presence of:

_____

(Attorney)