# TRAUB LIEBERMAN

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532
DIRECT (914) 586-7009 | MAIN (914) 347-2600 | FAX (914) 347-8898

Lisa L. Shrewsberry | Partner | lshrewsberry@tlsslaw.com

**MEMO ENDORSED**

February 1, 2022

**VIA FEDERAL EXPRESS (with enclosures)**
**AND ECF (w/o enclosures)**

Hon. John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

Re:   *Abrahami v. Meister Seelig & Fein, LLP, et ano.*
      21-CV-10203 (JFK)(KHP)
      Our File No.: 713.0334

Honorable Sir:

We represent defendants Meister, Seelig & Fein, LLP and Daniel J. Dwyer (collectively, "MSF") in this matter. Pursuant to direction of Mr. Pelley, we enclose herewith a copy of the motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively to stay this action, which we served on plaintiff on January 28, 2022. The parties respectfully request that plaintiff be given to and including February 18, 2022 to serve opposition to the motion, and that MSF be given to and including March 4, 2022 to serve their reply.

This action seeks to assert a legal malpractice claim against MSF, arising from a loan by plaintiff to certain borrowers in the amount of $30 million, which is currently in default. Such loan was secured in part by absolute assignments of equity interests in three indirect subsidiaries of such borrowers, which owned three (mortgaged) industrial buildings. Pursuant to the terms of the loan agreement, the absolute assignments were held in escrow by MSF (where they remain today). The loan was also secured by a personal guaranty by the principals of the borrowers, for the entire amount of the loan. Plaintiff's legal malpractice claim is based upon the allegations that (1) MSF failed to conduct a UCC search relative to the borrowers, which (allegedly) would have revealed a lien filed by an earlier lender (Monroe Capital) against the assigned equity interests; (2) the assignments themselves did not provide security for the loan; and (3) MSF wrongfully failed to release the assignments from escrow.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-2-22

The proposed briefing schedule for the Defendant's motion to dismiss is approved. The February 8, 2022, Status Conference is adjourned. Oral argument on the Defendant's motion to dismiss will be held on March 9, 2022, at 11:00 AM.

SO ORDERED.

Dated: New York, New York
       February 2, 2022

*/s/ John F. Keenan*
John F. Keenan
United States District Judge

---

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

www.traublieberman.com

Abrahami v. Meister Seelig & Fein, LLP, et ano.
21-cv-10203(JFK)(KHP)
February 1, 2022
Page 2

As discussed more fully in the accompanying motion, plaintiff's claims are demonstrably false. There was no prior lien against the assigned equity interests at the time of the loan, the assignments were and remain valid, and MSF continues to hold the assignments in escrow because of competing demands with respect to same.

As addressed in the motion, the competing demand for the escrowed assignments by Monroe Capital was prompted by plaintiff himself, when he directly notified Monroe Capital of his intentions regarding the loan, on March 4, 2021. This spurred Monroe Capital to make a demand on MSF regarding the escrow assignments on March 8, 2021, which pre-dated plaintiffs' demand for same on March 10, 2021. Moreover, plaintiff has not to date demonstrated any effort to resolve such escrow dispute in order to compel the release of the escrowed assignments, which are appropriately still held in escrow by MSF. Nevertheless, such assignments remain valid.

Moreover, plaintiff's complaint also fails to mention that he bargained for and obtained a joint and several personal guaranty from his borrowers' principals to protect against the very fraud plaintiff alleges his borrowers committed, and, though not disclosed in the Complaint, has sued those individual guarantors, in a prior, pending action in the New York Supreme Court, for the same $30 million loss he seeks to recover in this action. (*Abrahami v. Feldman, et ano.*, Supreme Court, New York, 652641/2021.) Critically, in such pending action, plaintiff affirmatively alleges that he made the loan "only after" securing such personal guaranty, "so as to protect [plaintiff] against the very kind of loss incurred." This allegation in the pending action conclusively contradicts plaintiff's allegation here that "but for" MSF's alleged negligence, he would not have made the loan. MSF contends that plaintiff is bound here by the allegations he made in the pending state court action, and that they make it impossible for plaintiff to plausibly plead that he suffered actual and ascertainable damages proximately caused by MSF's alleged acts or omissions; and, separately, in any event, that no actual and ascertainable damages may now be plausibly alleged as plaintiff may recover in full under the guaranty via the prior, pending action.

In short, given the conclusive evidence that there was no prior lien against the equity interests assigned to plaintiff, that the subject assignments in consequence were and remain viable, plaintiff's demonstrated effort to provoke an escrow dispute regarding same, plaintiff's follow-on failure to seek to compel the release of such assignments, and the pendency of and allegations contained in the prior, pending New York state court action, MSF is moving to dismiss this action. Alternatively, if this complaint is not dismissed outright, MSF seeks a stay of this action because plaintiffs will be unable to demonstrate any damage without first resolving the escrow dispute and resolving the prior, pending state court guaranty action. In consequence, pending the disposition of this motion, MSF respectfully requests that all discovery should be stayed.

Respectfully submitted,

Lisa L. Shrewsberry

cc: All Parties of Record - via ECF (w/o encls.) and FedEx (w/ encl.)