UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

AVISHAI ABRAHAMI,                                    Docket No. 21-cv-10203 (JFK)(KHP)

                            Plaintiff,        **<u>ANSWER AND COUNTERCLAIM</u>**

    -against-

MEISTER SEELIG & FEIN LLP and DANIEL J.
DWYER,

                           Defendants.

-----------------------------------------------------------X

       Defendants Meister Seelig & Fein LLP ("Meister Seelig") and Daniel J. Dwyer ("Dwyer") (collectively referred to as the "Answering Defendants"), by their attorneys Traub Lieberman Straus & Shrewsberry LLP and Rosenfeld & Kaplan, LLP, for their Answer to the Complaint, state as follows:

       1.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except deny that this is a viable legal malpractice claim against them.

       2.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint and respectfully refer the Court to the Loan Agreement executed by plaintiff on or about September 8, 2020, for a complete recitation of the terms and conditions of the loan transaction.

       3.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff retained Meister Seelig pursuant to Engagement Letter dated August 31, 2020, and that plaintiff also retained Israeli counsel and other advisors.

4.      Answering Defendants admit the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to the Loan Agreement executed by plaintiff on or about September 8, 2020, for a complete recitation of the terms and conditions of same.

5.      Answering Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that pursuant to the terms of the Loan Agreement, the borrowers caused two indirect subsidiaries (HFZ Member 100 LLC and HFZ Reich Properties LLC) to sign and deliver in escrow to Meister Seelig absolute assignments of their membership interests in 1100 Milwaukee Ave LLC, Buffalo Bailey LLC and 707 Spence Lane LLC, and admit that Meister Seelig's duties to plaintiff as escrow agent are governed pursuant to the Escrow Agreement dated September 8, 2020, which is part of the Loan Agreement executed by plaintiff on or about September 8, 2020.

6.      Answering Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7.      Answering Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that on or about November 25, 2020, Monroe Capital sent a written notice claiming that it had a senior lien on the subject collateral and respectfully refer the Court to that notice for the contents thereof.

8.      Answering Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that on or about November 25, 2020, Monroe Capital sent a written notice claiming that it had a senior lien on the subject collateral and respectfully refer the Court to that notice for the contents thereof.

9.      Answering Defendants deny the allegations set forth in paragraph "9" of the Complaint.

10.     Answering Defendants deny the allegations set forth in paragraph "10" of the Complaint.

11.     Answering Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12.     Answering Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13.     Answering Defendants deny the allegations set forth in paragraph "13" of the Complaint.

## PARTIES

14.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Answering Defendants admit the allegations set forth in paragraph "15" of the Complaint.

16.     Answering Defendants admit the allegations set forth in paragraph "16" of the Complaint.

## JURISDICTION AND VENUE

17.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint except state that to the extent that this paragraph calls for a conclusion of law no response is required.

18.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint except state that to the extent that this paragraph calls for a conclusion of law no response is required.

A.   **Abrahami $30 Million Loan to Borrowers**

19.    Answering Defendants admit the allegations set forth in paragraph "19" of the Complaint and respectfully refer the Court to the Loan Agreement for a complete recitation of the terms and conditions thereof.

20.    In response to paragraph "20" of the Complaint, Answering Defendants admit that defendant Meister Seelig was retained by plaintiff and respectfully refer the Court to the Engagement Letter for a complete recitation of the scope of representation, and other terms and conditions thereof.

21.    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that Shimony was Meister Seelig's only contact with plaintiff regarding the loan transaction.

22.    Answering Defendants admit the allegations set forth in paragraph "22" of the Complaint.

23.    Answering Defendants admit the allegations set forth in paragraph "23" of the Complaint.

24.    Answering Defendants admit the allegations set forth in paragraph "24" of the Complaint, except deny the characterization of the absolute assignments as "upstream assignments" or vulnerable to fraudulent conveyance claims.

25.    Answering Defendants deny the allegations set forth in paragraph "25" of the Complaint and respectfully refer the Court to the Escrow Agreement for a complete recitation of Meister Seelig's duties thereunder in the event of default.

26.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint and admit that the absolute assignments were (and remain) collateral for the subject loan.

27.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint and respectfully refer the Court to the referenced email for a complete recitation of the contents thereof.

29.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint and respectfully refer the Court to the referenced email for a complete recitation of the contents thereof.

30.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint and respectfully refer the Court to the referenced email for a complete recitation of the contents thereof.

31.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint and respectfully refer the Court to the referenced email for a complete recitation of the contents thereof.

32.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint and respectfully refer the Court to the referenced email for a complete recitation of the contents thereof.

33.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admit that the absolute assignments provided (and continue to provide) the collateral bargained for by plaintiff.

35.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that the absolute assignments provided (and continue to provide) the collateral bargained for by plaintiff.

36.     Answering Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37.     Answering Defendants deny the allegations set forth in paragraph "37" of the Complaint and deny plaintiff's characterization of the subject loan as "unsecured."

**B.      The Monroe Capital Loans**

38.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint and respectfully refer the Court to the November 25 Notice for a complete recitation of the contents thereof.

39.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint and respectfully refer the Court to the November 25 Notice for a complete recitation of the contents thereof.

40.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint and respectfully refer the Court to the November 25 Notice for a complete recitation of the contents thereof.

41.     Answering Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Answering Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint except deny that Meister Seelig "failed" to send the November 25 Notice to plaintiff and respectfully refer the Court to the December 16 Notice for a complete recitation of the contents thereof.

44.     Answering Defendants deny the allegations set forth in paragraph "44" of the Complaint, except admit that the notice was forwarded to Shimony.

45.     Answering Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46.     Answering Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51.     Answering Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Answering Defendants deny the allegations set forth in paragraph "52" of the Complaint.

**C.      <u>Borrower Defaults but Meister Seelig Refuses to Release the Assignments</u>**

53.     In response to paragraph "53" of the Complaint, Answering Defendants respectfully refer the Court to the Default Notice for a complete recitation of the contents and effect thereof and state that to the extent that this paragraph calls for a conclusion of law no response is required.

54.     In response to paragraph "54" of the Complaint, Answering Defendants respectfully refer the Court to the Default Notice for a complete recitation of the contents and effect thereof and state that to the extent that this paragraph calls for a conclusion of law no response is required.

55.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Answering Defendants admit the allegations set forth in paragraph "56" of the Complaint.

57.     Answering Defendants deny the allegations set forth in paragraph "57" of the Complaint except admit that a demand was received from Monroe Capital and respectfully refer the Court to that demand for a full recitation of the contents thereof.

58.     Answering Defendants deny the allegations set forth in paragraph "58" of the Complaint, except admit that Meister Seelig continues to hold the absolute assignments in escrow and respectfully refer the Court to the Escrow Agreement executed by plaintiff for a recitation of the duties of Meister Seelig under same.

## RESPONSE TO THE FIRST CAUSE OF ACTION

59.      In response to paragraph "59" of the Complaint, Answering Defendants repeat, reiterate and reallege each and every response in paragraph "1" through "58" above, as if fully set forth herein at length.

60.      Answering Defendants deny the allegation contained in paragraph "60" of the Complaint except admit that plaintiff executed an Engagement Letter and respectfully refer the Court to the Engagement Letter executed by plaintiff for a complete recitation of the scope of representation, and other terms and conditions thereof.

61.      Answering Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.      Answering Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.      Answering Defendants deny the allegations set forth in paragraph "63" of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.      The claims alleged in the Complaint fail to state any grounds upon which relief can or should be granted by this court against the Answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.      At all times relevant hereto, the Answering Defendants acted in good faith, without malice, and did not act in a wrongful manner.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     The relief sought by plaintiff is barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     The relief sought by plaintiff is barred by the doctrines of waiver and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.     Plaintiff has failed to mitigate his damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.     Plaintiff has failed to take reasonable steps to preserve its rights as to the collateral pledged and to preserve the value of that collateral.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.     Any amount of damages otherwise recoverable by the plaintiff should be diminished in total, or in proportion to which such culpable conduct of the plaintiff bears to the total conduct causing the damages alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.     The alleged damages, if any, sustained by plaintiff were caused in whole or in part by fraud and other tortious conduct engaged in by third parties over whom the Answering Defendants had no control.

72.      As a result, the alleged damages, if any, sustained by plaintiff were caused in whole or in part by the conduct of plaintiff or third parties over whom the Answering Defendants had no control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

73.     The alleged damages, if any, sustained by plaintiff were caused in whole or in part by plaintiff having been fraudulently induced by third parties over whom the Answering Defendants had no control to enter into certain agreements.

74.     As a result, the alleged damages, if any, sustained by plaintiff were caused in whole or in part by the conduct of plaintiff or third parties over whom the Answering Defendants had no control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

75.     Plaintiff has failed to join all the necessary and indispensable parties in this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

76.     At all times relevant hereto, the Answering Defendants did not act in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

77.     Plaintiff has failed to allege that any act or omission by the Answering Defendants was the proximate cause of any damage.

### AS AND FOR A THIRTENTH AFFIRMATIVE DEFENSE

78.     Plaintiff has failed to allege actual and ascertainable damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

79.     The Escrow Agreement provides, *inter alia*, that Meister Seelig, as Escrow Agent, may refuse to comply with any claim or demand on it, and hold the absolute assignments in escrow, if it receives an objection, or any other disagreement or dispute, as to the release of same.

80.     The Escrow Agreement provides, *inter alia*, that if such a disagreement or dispute arises, then Meister Seelig may continue to hold the absolute assignments in escrow until a final order or judgment is entered with respect to the delivery of the absolute assignments.

81.     Plaintiff has failed to commence an action or take any steps to obtain a judicial determination as to its rights with respect to the delivery of the absolute assignments or its rights to the underlying collateral.

82.     As a result, the alleged damages, if any, sustained by plaintiff were caused in whole or in part by the conduct of plaintiff or third parties over whom the Answering Defendants had no control.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

83.     Answering Defendants reserve the right to assert additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

### COUNTERCLAIM FOR CONTRACTUAL INDEMNIFICATION

Meister Seelig & Fein LLP and Daniel J. Dwyer (collectively, "MSF"), by and through their undersigned counsel, for their counterclaim against plaintiff Avishai Abrahami ("Abrahami") state as follows:

### GENERAL ALLEGATIONS

1.     By Engagement Letter dated August 31, 2020, Abrahami retained MSF to negotiate "documentation relating to a loan to HFZ Member RB Portfolio LLC and HFZ Member RB Acquisitions LLC [collectively "the borrowers"] in connection with 707 Spence Lane, Nashville, TN, 500 Bailey Ave., Buffalo, NY and 1100 Milwaukee Avenue, South Milwaukee, WI."

2.     The documentation negotiated and finalized by MSF culminated in a Loan Agreement executed by plaintiff and the borrowers upon the closing of the loan, on or about September 8, 2020.

3.     Pursuant to the terms of the Loan Agreement, the borrowers caused two indirect subsidiaries (HFZ Member 100 LLC and HFZ Reich Properties LLC) to sign and deliver in escrow, to Meister Seelig & Fein LLP as Escrow Agent, absolute assignments of their membership interests in 1100 Milwaukee Ave LLC, Buffalo Bailey LLC and 707 Spence Lane LLC ("the absolute

assignments").

4.      The absolute assignments were delivered in escrow to Meister Seelig & Fein LLP, as Escrow Agent, pursuant to an Escrow Agreement made part of the Loan Agreement, and executed by Abrahami on or about September 8, 2020, as part of the closing of the subject loan.

5.      By Notice of Default dated March 4, 2021, Abrahami advised the borrowers of an Event of Default under the terms of the Loan Agreement and the Escrow Agreement, and of his election to accelerate all sums due under the Loan Agreement.

6.      Such Notice of Default was copied by Abrahami to Monroe Capital Management Advisors LLC, and affiliated Monroe Capital entities (collectively, "Monroe Capital"), and specifically advised of Abrahami's intent to demand release of the absolute assignments from Meister Seelig & Fein LLP, under the terms of the Escrow Agreement.

7.      By letter to Meister Seelig & Fein LLP dated March 8, 2021, Monroe Capital advised that it had received a copy of Abrahami's Notice of Default to the borrowers, in which he advised of his intent to demand the release of the absolute assignments from escrow and objected to such release under threat of legal action.

8.      Thereafter, by letter to Meister Seelig & Fein LLP dated March 10, 2021, Abrahami demanded that Meister Seelig & Fein LLP release the absolute assignments to him from escrow.

9.      As a result of such dispute over the right of Meister Seelig & Fein LLP to release the absolute assignments from escrow, Meister Seelig & Fein LLP advised Abrahami and Monroe Capital by letter dated March 10, 2021, that it would not release, and that it would continue to hold, the absolute assignments in escrow pursuant to the terms of the Escrow Agreement.

10.     Abrahami's complaint against MSF herein arises out of the Loan Agreement, and the Escrow Agreement, and specifically references his demand for release of the absolute

assignments from escrow, and Monroe Capital's (earlier) objection to same.  (Compl. ¶¶56-57).

11.     Despite acknowledging such dispute regarding the escrowed absolute assignments, Abrahami alleges that Meister Seelig & Fein LLP has wrongly refused to release the assignments from escrow.  (Compl. ¶12)

12.     The Escrow Agreement provides, *inter alia,* that Meister Seelig & Fein LLP, as Escrow Agent, may refuse to comply with any claim or demand on it, and continue to hold the absolute assignments in escrow, if it receives an objection, or any other disagreement or dispute, as to the release of same.

13.     The Escrow Agreement provides, *inter alia,* that if such a disagreement or dispute arises, then Meister Seelig & Fein LLP may continue to hold the absolute assignments in escrow until a final order or judgment is entered with respect to the delivery of the absolute assignments.

14.     Upon information and belief, Abrahami has not made any effort to resolve the disagreement with Monroe Capital with respect to its right to the absolute assignments, except by bringing the instant action against MSF herein.

15.     The Escrow Agreement states that Meister Seelig & Fein LLP "shall not be or become liable in any way or to any person for [its] refusal to comply with any such claims or demands."   Moreover, the Escrow Agreement states that Abrahami, as Lender, agrees to "reimburse Escrow Agent for all out-of-pocket costs and reasonable expenses incurred in performing its duties as Escrow Agent in the event of any disagreement or dispute . . ., including but not limited to reasonable attorneys' fees incurred."

16.     The Escrow Agreement also states that Abrahami agrees to hold Meister Seelig & Fein LLP as "Escrow Agent harmless from and against any and all loss damage, cost or expense Escrow Agent may incur in connection with this transaction and/or any dispute or litigation arising

14

in and from this transaction. . . ."

17.    Based upon the foregoing, MSF is entitled to be indemnified by Abrahami for all costs and expenses, including attorneys' fees and any other loss or damage, that MSF may incur in the defense of this action, and any liability or damage as a result of same.

**WHEREFORE**, Counterclaimants Meister Seelig & Fein LLP and Daniel J. Dwyer respectfully request that this Court enter an Order determining that plaintiff Avishai Abrahami indemnify and hold such Counterclaimants harmless for all attorneys' fees, costs and expenses, and any other loss or damage, arising from the defense of this matter, and any liability as a result of same.

**WHEREFORE**, Answering Defendants Meister Seelig & Fein LLP and Daniel J. Dwyer, demand judgment dismissing the Complaint herein in its entirety and awarding them costs and reasonable counsel fees and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        July 6, 2022

**TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP**

By:   ___/s/ J. Patrick Carley III_____
   J. Patrick Carley, III
   Seven Skyline Drive
   Hawthorne, New York 10532
   pcarley@tlsslaw.com
   (914) 347-2600

**ROSENFELD & KAPLAN, LLP**

By:   _/s/ Tab K. Rosenfeld_____
   Tab K. Rosenfeld
   Steven M. Kaplan
   1180 Avenue of the Americas
   New York, New York 10036
   tab@rosenfeldlaw.com
   steve@rosenfeldlaw.com
   (212) 682-1400

*Attorneys for Defendants*