# Zeichner Ellman & Krause LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

MICHAEL E. SIMS
(212) 826-5328
msims@zeklaw.com

WWW.ZEKLAW.COM

October 24, 2022

**BY ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2022
```

Hon. Katherine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 17D
New York, New York 10007

**Re: Abrahami v. Meister Seelig & Fein LLP, No. 21-cv-10203 (AKH)(KHP)**

Dear Magistrate Judge Parker,

We represent plaintiff Avishai Abrahami ("Abrahami") in this action. We write because Defendants are refusing to proceed with Abrahami's November 2 deposition, which has been scheduled since September 23 and for which Abrahami is traveling from Israel. The deposition should proceed, as scheduled, for the following reasons.

First, as noted, Abrahami is traveling to New York from Israel for the deposition, and is being deposed the following day in the related New York state court action. Moreover, since Defendants insist on taking Abrahami's deposition before the November 30 joinder deadline, if Abrahami is not deposed on November 2, he will be compelled to return to the United States just weeks later. This is not appropriate and is a bald attempt to burden Abrahami and impose expenses upon him.

There is no reason the deposition should not go forward on November 2. Even though Defendants delayed until September 15 to serve discovery requests (nearly a full month after the August 18 Case Management Conference), Abrahami has responded to all Defendants' discovery and completed document production. Defendants have everything they need to proceed with the deposition. Indeed, most of the documents establishing Defendants' liability in this legal malpractice action *were generated by the Defendants*, and have always been in their possession.

In addition, Defendants cannot legitimately claim to be overburdened in preparing for the deposition, which is still nine days away. Defendants are employing two firms and several lawyers. And importantly, Abrahami's direct personal knowledge of the facts is limited, as Defendants well know. Abrahami's business advisor and his Israeli attorney (whose documents Abrahami has also produced) handled the subject loan

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Katherine H. Parker
October 24, 2022
Page 2

transaction on his behalf. Abrahami sent or received only a handful of emails about the deal. It takes little time to review these documents.

  Defendants' "burden" assertion is especially brazen because Abrahami is the only party pushing the case forward. Abrahami worked very hard to complete document production in a short time, including obtaining and producing translations of Hebrew documents. Meanwhile, *Defendants have not produced a single document to Abrahami*. In fact, they have failed to even provide written responses/objections to Abrahami's Requests for Production, which were served on September 2. Enough is enough. This case was filed nearly one year ago. The case, and in particular Abrahami's deposition, must proceed without further delay.

  The parties met and conferred by telephone on October 20 but could not resolve this issue. Therefore, Abrahami asks the Court for an order directing that Abrahami's November 2 deposition proceed as scheduled. And since Abrahami departs from Israel in seven days, we respectfully request expedited relief.

Respectfully submitted,

/s/ Michael E. Sims

Michael E. Sims

Cc: All Counsel (By ECF)

4896-1009-5163, v. 3

The Court requests a response to this letter from the Defendants by October 27, 2022.

SO ORDERED:

*/s/ Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   10/25/2022