USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
AVISHAI ABRAHAMI,

                      Plaintiff,

      -against-

MEISTER SEELIG & FEIN LLP and DANIEL J. DWYER,

                      Defendants.
-------------------------------------------------------------------X

21-CV-10203 (JFK) (KHP)

**OPINION AND ORDER ON MOTION TO COMPEL PRODUCTION OF ATTORNEY MEMO WITHELD FOR PRIVILEGE**

KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

      Plaintiff Avishai Abrahami has moved to compel Defendants Meister Seelig & Fein LLP ("MSF") and Daniel J. Dwyer to produce a document withheld as privileged. The document was prepared by Dwyer on February 1, 2021 and sets forth a timeline of Plaintiff's retention of MSF and Dwyer and their representation of Plaintiff on the loan transaction that underlies the claims in this action up through January 30, 2021, when malpractice litigation was anticipated. Defendants assert that the document is protected by the work product doctrine.

      The Court assumes knowledge of the facts of the case and does not repeat them here. Plaintiff contends that because the document was prepared before he terminated Dwyer and MSF as his attorneys, the document was created in the course of the attorney-client relationship and thus belongs to Plaintiff. Dwyer contends that the document was not prepared for Plaintiff, but rather was prepared for Defendants' benefit in contemplation of litigation. The Court has reviewed the document in camera and concludes that it is protected work product.

1

1. *Work Product Doctrine*

Federal law governs the applicability of the work product doctrine, which is codified in Federal Rule of Civil Procedure 26(b)(3). *Allied Irish Banks v. Bank of America, N.A.*, 240 F.R.D. 96, 105 (S.D.N.Y. 2007). The work product doctrine protects documents and tangible things prepared by a party or their attorney in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *see also Pearlstein v. BlackBerry Ltd.,* 2019 WL 1259382, at *5 (S.D.N.Y. Mar. 19, 2019). The crucial factor courts should consider when determining whether the work product doctrine applies to particular documents or materials is whether they were prepared with "'with an eye toward' or 'in anticipation of' or 'because of the prospect of litigation.'" *Pearlstein*, 2019 WL 1259382, at *5 (quoting *Hickman v. Taylor*, 329 U.S. 495, 510, 510–11 (1947)); *see also Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010) ("The mere possibility of litigation is insufficient to obtain work-product protection.") (internal quotation marks and citation omitted). The doctrine does not apply to documents prepared in the ordinary course of business. In other words, if the materials would have been prepared in essentially similar form irrespective of the litigation or prospect of litigation, they do not qualify for work product protection. *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, *8 (E.D.N.Y. Mar. 31, 2017) (citing *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)).

Work product comes in two forms. Opinion work product consists of the mental impressions, conclusions, opinions and legal theories of an attorney or other representative of a party and is given heightened protection. Fact work product consists of factual material, including the results of a factual investigation. This latter type of work product is subject to disclosure upon a showing of substantial need and an inability to obtain the equivalent without

undue hardship. *Upjohn Co. v. U.S.,* 449 U.S. 383, 400 (1981); *Hickman*, 329 U.S. at 511; *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007); *Adlman*, 134 F.3d at 1204.

The party withholding a document on the basis of the work product doctrine bears the burden of establishing facts to demonstrate applicability of the protective rule. *In re Grand Jury Subpoena Dated Jan. 4, 1984,* 750 F.2d 223, 224–25 (2d Cir. 1984).

### 2. Discussion

As a general rule, clients are entitled to their files and attorney work product created during the course of the representation. *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 320 (S.D.N.Y. 1991). Importantly, this general rule applies to documents prepared *for the client for purposes of the representation*. Plaintiff argues that because the attorney-client relationship had not yet been formally terminated at the time Dwyer prepared the document, the document necessarily was created during the course of the representation and belongs to him. This argument is unpersuasive. Work product protection does not hinge on whether an attorney-client relationship existed. Rather, it hinges on whether the document in question was prepared in anticipation of litigation and whether it would have been prepared in substantially the same format irrespective of the litigation. Rule 26(b)(3) contains no exception for documents created during the course of an attorney-client relationship or other exception specifically for legal malpractice cases. Nor does Plaintiff provide any case law to support his argument.

Both parties cite to cases involving the attorney-client privilege – a privilege that is not claimed and that is governed by New York law, not federal law, because jurisdiction here is based on diversity.  See *Allied Irish Banks*, 240 F.R.D. at 105.

Having reviewed the document in question in camera, it is clear that it is work product.  The document was not prepared for Plaintiff.  It was not prepared for use in the underlying loan transaction for which Defendants were retained.  Rather, at the time it was prepared, Dwyer had stopped working for the firm and the prospect of malpractice litigation was clear.  The document is clearly Dwyer's notes and a timeline prepared as a reference for discussions with prospective malpractice counsel.  It was not prepared for any other purpose and would not have been prepared but for the prospect of litigation.

Plaintiff has not made a showing of substantial need for the document.  Further, factual information contained in the document such as key dates in the representation on the loan transaction, are easily obtained through other sources.

For the above reasons, the motion to compel is DENIED.

**SO ORDERED.**
March 10, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge