# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

MICHAEL E. SIMS
(212) 826-5328
msims@zeklaw.com

WWW.ZEKLAW.COM

April 28, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2023

**BY ECF**

Hon. Katherine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 17D
New York, New York 10007

**Re:  Avishai Abrahami v. Meister Seelig & Fein LLP and Daniel J. Dwyer,
Docket No. 21-cv-10203 (AKH)(KHP)**

Dear Judge Parker,

We represent plaintiff Avishai Abrahami ("Plaintiff") in this action. We write to request that the Court lift the stay of discovery in this action. Defendants' filing of third-party contribution claims – none of which provide an excuse for their egregious malpractice – should not further delay the completion of discovery or a trial on the merits.

By Order dated February 27, 2023, the Court stayed discovery until May 16, 2023 to allow for service of the parties joined by Defendants. As all third-party defendants have now appeared, there is no reason discovery should remain stayed. It would be fundamentally unfair to Plaintiff were discovery stayed for four months (February 27 to June 29, the new date for the case management conference) merely because Defendants seek contribution from *seven* other parties.[1] (That Defendants have asserted so many contribution claims not only gives them tactical delay, it reveals what Defendants really think about their ability to defend Plaintiff's malpractice claim.)

Of course, each of Defendants' third-party contribution claims are derivative of, and dependent on, the underlying malpractice claim. No party can be liable for contribution unless and until Plaintiff's malpractice claim is resolved. Continuing discovery serves that goal. Maintaining the stay in place for an additional

---

[1] Plaintiff requested a case management conference and was available on the initially scheduled dates of May 17 and May 8. The Court then rescheduled the May 8 conference to June 29 after Defendants' counsel, without conferring with or seeking the consent of the other parties, sought an adjournment. Naturally, Defendants are perfectly content to delay the conference to June 29, just as they were content to agree to a *five-month* briefing schedule on their third-party claims.  Their effort to delay is manifest.

NEW YORK  |  CONNECTICUT  |  MARYLAND  |  NEW JERSEY  |  VIRGINIA  |  WASHINGTON, D.C.  |  TEL AVIV

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Katherine H. Parker
April 28, 2023
Page 2

two months only serves to delay the case and prevents Plaintiff – the only injured party here – from obtaining the speedy determination to which he is entitled.

The other parties have no legitimate complaint about resuming discovery now. Certainly, Defendants should want to proceed with discovery if they actually believe these third parties they joined should contribute to Plaintiff's damages. And most of the third parties have substantially, or even fully, provided discovery already. Shimony (and by extension his employee Filanovksy) previously produced his documents and testified at deposition. Avital has also produced his documents and testified at deposition. Seyfarth Shaw has produced its documents and any deposition of it is essentially pointless because of privilege. And Holland & Knight LLP and Sean Garahan (together, "H&K") have already produced their documents. Each of these third parties should be motivated to find out why Defendants believe they should contribute to Plaintiff's damages.

Finally, a few corrective points about the state fraud case against H&K, which Defendants blatantly mischaracterize in their April 24, 2023 letter to the Court (Doc. 138). First, Plaintiff did not "conveniently omit" to inform the Court about this state action; rather, at the February 27 status conference Plaintiff's counsel informed the Court about this imminent filing. Second, Defendants bizarrely accuse Plaintiff of "tactically refrain[ing] from suing H&K" in this Court. Doc. 138 at 3. Not true. As the Court will recall (and as the transcript will show), Plaintiff's counsel advised the Court at the February 27, 2023 conference that Plaintiff preferred to assert the claim against H&K in this action, but were required to file in state court because of the lack of federal subject matter jurisdiction. So, Defendants *know* this was not "tactical." Plaintiff *could not* sue H&K in federal court, and all this was discussed at the last conference.

Defendants also falsely contend (one wonders why when it is so easily refuted) that the state fraud case against H&K is "a stunning revision to the basic theory of his [malpractice] case" whose allegations "sharply contradict plaintiff's theory of legal malpractice liability against MSF." Doc. 138 at 2. Again, this is simply false. Defendants committed malpractice because they, among other failures, (1) did not run a UCC search that would have discovered the undisclosed senior loan from Monroe (which would have alerted Plaintiff to one aspect of the fraud), and (2) allowed Plaintiff to make the loan without securing a copy of the Reich Bros' consents, which Defendants knew were necessary for the purported collateral assignments to be valid. Defendants' failure, as Plaintiff's agent, to obtain the needed consents is an *additional* act of malpractice. These are not "alternative" or "contradictory" theories. Rather, Defendants were grievously negligent in multiple ways. And Defendants' gross negligence was in no way incidental to Plaintiff's harm. It allowed the fraud to succeed when basic lawyering would have prevented it.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Katherine H. Parker
April 28, 2023
Page 3

Further, discovery to date has revealed a troubling explanation for why Defendants failed to take even the most basic precautions to protect Plaintiff: Nir Meir, the fraudster who, with the help and participation of H&K, defrauded Plaintiff out of $30 million, *was an important client of the Meister Seelig firm, and a personal client of Dwyer*.  Consider the following astounding facts:

- Meir/HFZ was a current client of Meister Seelig/Dwyer at the time of the Abrahami loan in September 2020.

- Meir/HFZ gave Meister Seelig/Dwyer ten (10) matters in 2020 alone.

- Meir had personally referred at least thirteen (13) separate matters to Meister Seelig/Dwyer at the time of the Abrahami loan.

- Dwyer had represented HFZ since at least 2008, and had worked with Meir since 2011.

- Meister Seelig had represented Meir/HFZ since at least 2013.

- Meir introduced Dwyer to Abrahami's representatives and recommended that Meister Seelig/Dwyer represent Abrahami in the loan transaction.

- When Monroe notified Meister Seelig/Dwyer about its senior defaulted loan (to the same borrower as Abrahami's loan) and accused Meir of fraud, Defendants informed Meir (the fraudster) but not Abrahami, their own client in the transaction whose interests they had a duty to protect.

This is remarkable stuff.  It explains Defendants' utter failure to protect Plaintiff from the fraud committed by their other more important client, Meir.  Plaintiff has a powerful claim of legal malpractice (which Defendants know, hence all the contribution claims) that is highlighted by the fraud, not contradicted by it.

In short, Plaintiff should be allowed to push this case forward without additional delay. The parties can complete fact *and* expert discovery while the third-party motions to dismiss are pending and have the case trial ready when those motions are decided (which could potentially obviate the need for severance).  To accomplish this, Plaintiff respectfully requests that the Court (i) lift the stay, effective immediately

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Katherine H. Parker
April 28, 2023
Page 4

or (ii) confirm the stay expires on May 16, 2023, as originally ordered, and not extended to the June 29, 2023 conference.

                                  Respectfully,

                                  /s/ *Michael E. Sims*

                                  Michael E. Sims

cc: All Counsel

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    5/5/2023

The stay in discovery expires on May 16, 2023. Plaintiff and Defendants shall continue discovery after that day. Discovery involving Third Party Defendants shall be decided following the June 29, 2023 confernece.